1  Derek Newman, State Bar No. 190467
   derek@newmanlaw.com
2  John Du Wors, State Bar No. 233913
   duwors@newmanlaw.com
3  NEWMAN DU WORS LLP
4  1201 Third Avenue, Suite 1600
   Seattle, WA 98101
5  Telephone:   (206) 274-2800
   Facsimile:   (206) 274-2801
6
7  Attorneys for Plaintiffs

8

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA

11  XL Marketing Corp., a Delaware corporation,   No. **11      5107**
    Spire Vision Holdings, Inc., a Delaware
12  corporation, ProAdvertisers, LLC, a
    Delaware Limited Liability Company, Prime     **COMPLAINT FOR**
13  Advertisers, LLC, and MediActivate, LLC,      **DECLARATORY JUDGMENT**
    Nevada Limited Liability Companies,           **AND DAMAGES**
14  ConnectionCentrals, a Delaware Series
15  Limited Liability Company, OnDemand
    Research, a Delaware Limited Liability
16  Company, Digital Publishing Corporation, a
    Delaware Corporation, Ward Media Inc., a
17  Delaware Corporation,
18
19              Plaintiffs,
20         v.
21
22  Kristina Kirby, an individual,
           Defendants.
23

24

25      XL Marketing Corp., Spire Vision Holdings, Inc., ProAdvertisers, LLC, Prime

26  Advertisers, LLC, MediActivate, LLC, ConnectionCentrals, OnDemand Research, LLC,

27  Digital Publishing Corporation, and Ward Media Inc. (collectively, "Plaintiffs") hereby

28  allege for their complaint against Kristina Kirby ("Kirby") and upon personal information

1
**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

1  as to Plaintiffs' own activities, and upon information and belief as to the activities of
2  others, as follows:

## I.   NATURE OF THE CASE

Digital Publishing Corporation offers online educational programs, and is a subsidiary of XL Marketing Corp.  XL Marketing Corp., Spire Vision Holdings, Inc., and the remainder of the Plaintiffs (the "Spire Vision Plaintiffs") run an internet marketing business.  Digital Publishing is an advertising client of the Spire Vision Plaintiffs.

Defendant is individual who sent demand letters to Plaintiffs demanding payment of tens of thousands of dollars in damages for alleged violations of law. The basis of Defendant's claims is that she received and continues to receive emails from one or more Plaintiffs that she alleges do not comply with spam laws.  Plaintiffs have not sent or advertised in, and do not send or advertise in, email that violates state or federal spam law. Plaintiffs ask this court for a declaratory judgment that there is neither a legal nor factual basis for Defendant's claims, and for damages.

## II.   JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 (a)(1), and 28 U.S.C. § 2201.  The amount in controversy exceeds $75,000 because the Defendant has identified claims that exceed $75,000 in damages from Plaintiffs, and because Plaintiffs' potential damages for tortious interference exceed $75,000.   This Court additionally has subject matter jurisdiction because whether Plaintiffs violated the CAN-SPAM act, 15 U.S.C. § 7701, and whether the CAN-SPAM act pre-empts California state law, is a federal question.

## III.   PARTIES

2.     Plaintiff XL Marketing Corp. is a Delaware corporation engaged in the business of Internet marketing.  XL Marketing Corp. wholly owns a range of subsidiaries, each focused on a particular area of internet marketing.

1    3.    Plaintiff Spire Vision Holdings, Inc., is a Delaware corporation and a

2    wholly-owned subsidiary of XL Marketing Corp.

3    4.    Plaintiff ProAdvertisers, LLC is a Delaware Limited Liability Company

4    and a wholly-owned subsidiary of Spire Vision Holdings, Inc.

5    5.    Plaintiff MediActivate, LLC is a Nevada Limited Liability Company and a

6    wholly-owned subsidiary of Spire Vision Holdings, Inc.

7    6.    Plaintiff Prime Advertisers, LLC is a Nevada Limited Liability Company

8    and a wholly-owned subsidiary of Spire Vision Holdings, Inc.

9    7.    Plaintiff ConnectionCentrals, is a Delaware Series Limited Liability

10   Company and a wholly-owned subsidiary of ProAdvertisers, LLC.

11   8.    Plaintiff OnDemand Research, LLC is a Delaware Limited Liability

12   Company, and a wholly-owned subsidiary of Spire Vision Holdings, Inc.

13   9.    Plaintiff Digital Publishing Corporation is a Delaware Corporation that

14   offers online educational programs, and a wholly-owned subsidiary of XL Marketing

15   Corp.

16   10.    Plaintiff Ward Media Inc. is a Delaware Corporation, and a wholly-owned

17   subsidiary of Spire Vision Holdings, Inc.

18   11.    Defendant Kirby is an individual and resident of California.

19                          **IV.    FACTS**

20   12.    Defendant is an individual who own one or more personal email addresses.

21   Defendant is not an Internet Service Provider (ISP).

22   13.    Defendant Kirby visited websites, and entered her email address in order to

23   access the sites and/or participate in promotional offers.  Each website displayed a

24   message indicating that by entering her email address, Kirby agreed to receive

25   advertising emails.  Each website provided a means to "opt out" of advertising emails.

26   14.    Defendant knowingly agreed and provided direct consent to receive

27   advertising emails.

28   15.    Defendant never opted out of receiving advertising emails.

3
**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

1    16.    The Spire Vision Plaintiffs create and/or distribute Internet advertisements.

2   Some of the Spire Vision Plaintiffs' Internet advertisements are distributed through

3   emails. The Spire Vision Plaintiffs' advertising emails are permission-based, and the

4   Spire Vision Plaintiffs do not send emails to persons who have not agreed to receive

5   them. The Spire Vision Plaintiffs obtain email addresses from affiliates, and have strict

6   guidelines regarding direct consent.

7    17.    The Spire Vision Plaintiffs accept email advertisements from advertising

8   clients, and tailor email marketing campaigns to suit advertisers' products or services.

9   The Spire Vision Plaintiffs have contracts with their advertising clients.

10    18.    Each email sent by the Spire Vision Plaintiffs includes an "opt out"

11   provision.

12    19.    The Spire Vision Plaintiffs depend on their good reputation for following

13   laws and not sending unwanted emails in keeping existing contractual relationships, and

14   for attracting new clients.

15    20.    Plaintiff Digital Publishing is an advertising client of the Spire Vision

16   Plaintiffs.

17    21.    The Spire Vision Plaintiffs distributed a series of emails for Digital

18   Publishing and other clients (the "Allegedly Offending Emails") by sending the emails to

19   a list of email owners who had directly consented to receive promotional emails and had

20   not revoked that consent.

21    22.    The Allegedly Offending Emails each contain a subject line that accurately

22   describes the contents of the email message.

23    23.    The Allegedly Offending Emails each contain an "opt out" provision,

24   through which a recipient can choose to receive no further promotional emails.

25    24.    The Allegedly Offending Emails each contain accurate email header

26   information.

27    25.    The Allegedly Offending Emails each clearly indicate that the email is a

28   marketing email.

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

1    26.    The Allegedly Offending Emails each contain the postal address of the
2    advertiser.

3    27.    Defendant did not opt out of receiving the Allegedly Offending Emails or
4    otherwise revoke their consent to receive advertising emails.

5    28.    Defendant has not been adversely affected by receiving the Allegedly
6    Offending Emails.

7    29.    All of the Allegedly Offending Emails comply with California state and
8    federal spam laws. The Spire Vision Plaintiffs have a rigorous series of spam compliance
9    policies, and ensure that advertising emails they send do not violate the law.

10    30.    On August 27, 2011, Defendant Kirby sent Plaintiffs a letter demanding
11    money because she received some of the Allegedly Offending Emails. She asserts she is
12    entitled to $1,000 per Allegedly Offending Email. Upon information and belief, Kirby
13    has received more than 75 Allegedly Offending Emails.

14
15    **FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT - 15 U.S.C. § 7701 et seq, the CAN-SPAM Act.**

16    31.    Plaintiffs incorporate all prior allegations as if fully set forth herein.

17    32.    The parties are adverse and there is an actual controversy between them.

18    33.    There is a real and substantial risk of immediate harm if the controversy
19    between the parties is not resolved.

20    34.    A declaratory judgment would resolve the conflict between the parties and
21    provide conclusive relief.

22    35.    Defendant does not have standing to pursue alleged violations of the CAN-
23    SPAM Act, because Defendant is not a bona fide Internet Service Provider.

24    36.    Defendant does not have standing to pursue alleged violations of the CAN-
25    SPAM Act because Defendant has not been damaged by receiving the Allegedly
26    Offending Emails.

27    37.    Even if Defendant did have standing, the Allegedly Offending Emails do
28    not violate the CAN-SPAM Act.

5
**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

1
2
3
4

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT – Cal. Bus. & Prof. Code § 17529.5**

5    38.    Plaintiffs incorporate all prior allegations as if fully set forth herein.

6    39.    The Allegedly Offending Emails do not contain and are not accompanied

7    by a third-party's domain name without the permission of the third party.

8    40.    The Allegedly Offending Emails do not contain and are not accompanied

9    by falsified, misrepresented, or forged header information.

10    41.    The Allegedly Offending Emails do not have subject lines that would be

11    likely to mislead a recipient, acting reasonably under the circumstances, about a material

12    fact regarding the contents or subject matter of the message.

13    42.    The Allegedly Offending Emails do not violate Cal. Bus. & Prof. Code §

14    17529.5.

15    43.    Defendant has not suffered any damages as a result of Plaintiffs' actions.

16    44.    Defendant's claims are pre-empted by federal law because they are not

17    based on traditional common law theories of falsity or deceit.

18    45.    Defendant is not entitled to relief pursuant to Cal. Bus. & Prof. Code §

19    17529.5.

20

**THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH**
**BUSINESS RELATIONS (SPIREVISION PLAINTIFFS ONLY)**

21    46.    Plaintiffs incorporate all prior allegations as if fully set forth herein.

22    47.    The Spire Vision Plaintiffs had an economic relationship containing the

23    probability of future economic benefit with their advertising clients.

24    48.    Defendant knew of the existence of the relationships.

25    49.    Defendant intentionally acted to disrupt the relationships.

26    50.    The relationships were actually disrupted.

27    51.    The Spire Vision Plaintiffs were damaged by Defendant's acts.

28

6
**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

1

## V. RELIEF REQUESTED

2    WHEREFORE, Plaintiffs request that the Court enter judgment against Defendant

3  as follows:

4    1.    That the Court enter a Declaratory Judgment that Plaintiffs have not

5  violated either the CAN-SPAM Act or California's Business and Professions Code §

6  17529.5.

7    2.    Damages in an amount to be determined at trial, but exceeding $75,000.

8    3.    That the Court award Plaintiffs their costs and attorneys' fees.

9    4.    That the Court grant such other, further, and different relief as the Court

10  deems proper under the circumstances.

11    Dated this 18th Day of October, 2011.

12                          NEWMAN DU WORS LLP

13

14

15                          John Du Wors
                            California State Bar No. 233913
16                          Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

7
**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**