UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XL MARKETING CORP., et al.,

       Plaintiffs,

    v.

KRISTINA KIRBY,

       Defendant.
_____/

No. C 11-5107 PJH

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

At the January 15, 2014 hearing on defendant's motion for partial summary judgment, the court noted that the jurisdictional basis for this case was unclear, now that it is no longer consolidated with Davison v. Riley (Case no. 11-2970). After the hearing, the court ordered plaintiffs to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. See Dkt. 61.

On January 29, 2014, plaintiffs filed their response to the order to show cause. Plaintiffs argue that the court has diversity jurisdiction over the case, because all of the plaintiffs are diverse from defendant Kirby (a California citizen), and because the amount in controversy exceeds $75,000. As to the latter point, plaintiffs concede that Kirby "demands money for receiving 16 emails from plaintiffs and claims she is entitled to $1,000 in statutory damages per email" (which would total $16,000 in controversy), but plaintiffs argue that "far more than 16 emails are actually at issue," based on their own reasonable belief that Kirby received "more than 75 emails." Plaintiffs further argue that, even if Kirby's claims are limited to 16 emails, the potential punitive damages and attorneys' fees put the amount in controversy over $75,000. Plaintiffs also point out that, "[i]n a recent lawsuit in this court, Kirby's counsel demanded $85,000 to settle a case involving only 23 emails."

On February 12, 2014, Kirby responded to plaintiffs' filing, arguing that her pre-suit demand letter only made reference to ten emails, and sought to settle the claims for $7,500. See Dkt. 66, Ex. A. Kirby further argues that, at the time that this suit was filed, she had incurred only $1,000 in attorneys' fees. Thus, Kirby argues that plaintiffs "did not claim in good faith that the amount in controversy exceeded $75,000."

The court notes that plaintiffs filed this suit as a declaratory judgment action, and the operative amended complaint seeks a declaration that the emails sent to Kirby do not violate California's anti-spam law. See Dkt. 30. As an initial matter, the court notes that even if diversity jurisdiction exists, the court has discretion to hear a declaratory judgment action. 28 U.S.C. § 2201(a). But, more importantly, when a party files a declaratory judgment suit based on diversity jurisdiction, it must claim, in good faith, that the amount in controversy exceeds $75,000. Budget Rent-A-Car v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997). Given that, at the time of filing, Kirby sought damages as to only ten emails, plaintiffs could not have claimed in good faith that the amount in controversy exceeded $75,000. While plaintiffs may well have sent Kirby over 75 emails, Kirby only sought pre-suit relief as to ten emails, and thus, only those emails may be considered when determining the amount in controversy.

In order to find declaratory judgment jurisdiction, the court must find that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Principal Life Insurance Co. v. Robinson, 394 F.3d 665, 671 (9th Cir. 2005) (citing Maryland Casualty v. Pacific Coal & Oil, 312 U.S. 270, 273 (1941)). At the time that the complaint was filed, the only controversy between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" related to the ten emails mentioned in Kirby's demand letters. Thus, at the time of filing, the amount in controversy was $10,000. The court does note that Kirby's counterclaims (filed on April 11, 2012 – nearly six months after the original complaint was filed) do allege that she received sixteen emails from plaintiffs, but even if

the court were to consider Kirby's counterclaims (which were unknown to plaintiffs at the time that the complaint was filed), the amount in controversy would still be only $16,000.

Plaintiffs attempt to inflate the amount in controversy by arguing that the relevant anti-spam law provides for punitive damages and attorneys' fees. However, plaintiffs offer no more than speculative argument that punitive damages and attorneys' fees were likely to exceed the $65,000 required to meet the amount in controversy requirement. Plaintiffs also seek to establish the amount in controversy by citing to a settlement demand in an unrelated, unidentified case, where Kirby's counsel is alleged to have demanded $85,000 to settle a case involving 23 emails. Even if that settlement demand were in any way relevant to this case, it still does not establish that a case involving ten (or even sixteen) emails would meet the $75,000 amount in controversy requirement.

In short, the court finds that plaintiffs have not established the required amount in controversy, and thus, the court lacks subject matter jurisdiction over plaintiffs' declaratory judgment claims. The court similarly finds that it lacks subject matter jurisdiction over Kirby's counterclaims. Accordingly, this entire action is DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: February 28, 2014

PHYLLIS J. HAMILTON
United States District Judge

3