UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XL MARKETING CORP., et al.,

        Plaintiffs,

    v.

KRISTINA KIRBY,

        Defendant.

_____/

No. C 11-5107 PJH

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

Before the court is defendant Kristina Kirby's motion for attorney's fees. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court DENIES defendant's motion.

As an initial matter, defendant's motion was not timely brought. This court's local rules provide as follows:

> <u>Unless otherwise ordered by the Court</u> after a stipulation to enlarge time under Civil L.R. 6-2, or a motion under Civil L.R. 6-3, motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court.

Civil Local Rule 54-5(a) (emphasis added).

Judgment was entered in this case on February 28, 2014, but defendant's motion was not filed until April 30, 2014. While defendant explains that plaintiffs' counsel "agreed to extend Kirby's time to file this amended motion to April 30, 2014," defendant never submitted a stipulation or a motion to the court, and thus never received a court order. On that basis alone, the court finds that defendant's motion must be DENIED.

Even if the court were to address the merits of defendant's motion, it would still find that the motion must be denied. As the parties note, this case was stayed on June 29,

2012, pending the resolution of Davison v. Riley (11-2970).  After Davison was resolved, defendant filed a motion for partial summary judgment regarding her counterclaims in this case.  The court denied defendant's motion, concluding that defendant sought an advisory opinion regarding the scope of federal CAN-SPAM preemption in the abstract, and noting that she presented no actual facts in her motion.  See Dkt. 61.  In the same order, the court, sua sponte, ordered plaintiffs to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction.  After receiving the parties' responses, the court found that the court lacked subject matter jurisdiction over both plaintiffs' claims and defendant's counterclaims.

Defendant now argues that she is entitled to attorney's fees, either as a "prevailing party" or because plaintiffs acted in "bad faith."  The court notes that, under either theory, an award of fees would be discretionary.  However, more importantly, the court finds that defendant is not a prevailing party.  While the claims against defendant were dismissed, the court notes that those claims were declaratory judgment claims that were brought after plaintiffs received demand letters from defendant's counsel.  Thus, the gravamen of this suit was defendant's claim that she was entitled to thousands of dollars for receiving spam emails, and plaintiffs simply filed their declaratory judgment claims before defendant filed her counterclaims under California's anti-spam law.  On these facts, the court cannot find that defendant is the prevailing party.  Moreover, even if defendant were considered a prevailing party, the court exercises its discretion not to award fees.  Similarly, even if the court were to find that plaintiffs acted in bad faith, the court exercises its discretion not to award fees on that basis.

Accordingly, defendant's motion for attorney's fees is DENIED.

**IT IS SO ORDERED.**

Dated: August 8, 2014

PHYLLIS J. HAMILTON
United States District Judge